**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD L. WELCH, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1356 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is movant Richard L. Welch's motion to vacate, set aside or correct sentence, brought pursuant to 28 U.S.C. § 2255. Based on the reasoning set forth below, the Court will interpret movant's motion as one for a reduction in sentence and transfer his motion to his criminal case for full briefing.

### Background

On January 28, 2016, movant pled guilty before this Court to the offense of conspiracy to distribute heroin. *See United States v.Welch*, No. 4:15-CR-229 HEA (E.D.Mo. 2015). On June 8, 2016, this Court sentenced movant to the Bureau of Prisons for a term of imprisonment of 60 months. *Id.* Movant did not appeal his conviction and sentence.

### Discussion

Movant filed the instant motion on August 19, 2016. In his motion, movant requests that the Court apply a new amendment to the United States Sentencing Guidelines, referred to as the

"Mitigating Role Amendment," or Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2.[1]

In essence, movant is seeking a sentence reduction through a clarifying amendment to the sentencing guidelines. The only existing authority for the Court to modify movant's sentence comes from Rule 35 of the Federal Rules of Criminal Procedure, or 18 U.S.C. § 3582, which is more properly sought through a motion in reduction in sentence in movant's criminal case. Therefore, the Court will administratively terminate the instant action and it will not be counted as a motion to vacate, brought pursuant to 28 U.S.C. § 2255.[2]  Movant's motion will be interpreted as a motion for reduction in sentence, pursuant to Rule 35 of the Rules of Criminal Procedure and transferred to his criminal action.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **administratively terminated** and will not be considered a motion to vacate, brought pursuant to 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that a copy of movant's motion shall be transferred to his criminal case, *United States v. Welch*, No. 4:15-CR-229 HEA, and filed as a motion for reduction in sentence, brought pursuant to Rule 35 of the Rules of Criminal Procedure and/or a § 3582 motion.  The government shall respond to movant's motion in a reasonable time, as set forth in the Federal Rules of Civil Procedure.

---

[1]The commentary to Sentencing Guidelines was amended on November 1, 2015, prior to movant's sentencing.

[2]Movant has one year from the date of his criminal judgment to file his motion to vacate, pursuant to 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 3rd day of October, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE